UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE HUMANE SOCIETY
OF THE UNITED STATES
2100 L Street, NW
Washington, DC 20037

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE
1400 Independence Avenue, S.W.
Washington, DC 20250,

    Defendant.

Civ. No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended, to obtain access to records in the possession of the United States Department of Agriculture ("USDA"), and its Agricultural Marketing Service concerning information relating to activities of the American Egg Board ("AEB"), a commodity promotion program the projects and plans of which are subject to USDA oversight and approval. On December 1, 2007, an article was published in Egg Industry magazine indicating that the AEB had unanimously passed a motion at its fall meeting "that $3 million be held in reserve" to assist California egg producers in the industry's current battle with proponents of an animal welfare ballot initiative. The AEB is statutorily prohibited from spending any of its federal checkoff funds "for

the purpose of influencing governmental policy or action." *See* 7 U.S.C. § 2707(h). The instant FOIA request was filed out of concern that federal officials may be interfering with the upcoming election. This action challenges the failure of the USDA to timely respond to Plaintiff's request for these records.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff, the Humane Society of the United States ("HSUS"), is a non-profit animal protection organization, headquartered in Washington, D.C., with over 10 million members and constituents nationwide. The HSUS is also a principal sponsor of the state ballot committee Californians for Humane Farms ("CHF"). CHF was formed in September 2007 to enact Proposition 2, the Prevention of Farm Animal Cruelty Act, a ballot initiative certified for voter consideration in the November 2008 California election. The HSUS is the requestor of the public records at issue in this action.

4. The HSUS actively advocates against practices that injure, harass, or abuse animals. It provides its members and the public with information regarding the treatment of farm animals on a wide spectrum of topics, including the effects of industrial confinement practices such as the use of battery cages in housing egg laying hens. As such, it is essential that the HSUS is able access to public records available through FOIA requests to government agencies, and particularly the USDA, regarding food production activities and policies.

5. Moreover, as a principal sponsor of Californians for Humane Farms, the HSUS has sought public records on the expenditures and activities of the opponents of Proposition 2, including the AEB, which is strictly prohibited from using any of its federal checkoff program funds for the purpose of influencing governmental action or policy. The HSUS intends to review these documents and provide to its members, the volunteers and supporters of Californians for Humane Farms, and the public at large. Because the election is only a few months away, it is critical that HSUS be given access to these public records in a timely manner.

6. Defendant, the USDA, is an agency of the United States, and is responsible for implementing the Egg Research and Consumer Information Act ("ERCIA") and Commodity Promotion, Research, and Information Act ("CPRIA"), which require, *inter alia*, the Defendant's approval of the AEB's annual budget and individual plans and projects. Defendant has possession and control of the records Plaintiff seeks.

## STATUTORY FRAMEWORK

7. The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, requires agencies of the federal government, upon request, to release information to the public, unless the agency shows that one of nine specific statutory exemptions applies. If an exemption applies, the agency is required to disclose "any reasonably segregable portion of a record" containing the exempt material. 5 U.S.C. § 552(b).

8. Upon receiving an FOIA request, an agency has twenty (20) working days to respond to the request. 5 U.S.C. § 552(a)(6)(A). Although the agency may grant itself an extension of ten additional days, FOIA does not permit an agency to delay its

response indefinitely. 5 U.S.C. § 552(a)(6)(B).

9. A requestor may file administrative appeal of an agency's failure to disclose requested records. 5 U.S.C. § 552(a)(6). An agency must make a determination on any such appeal within twenty (20) working days. *Id.* at § 552(a)(6)(A)(ii). However, a requestor is deemed to have exhausted its administrative remedies, and may seek immediate judicial review of the matter, if the agency fails to comply with either of the time limits for response to FOIA requests. *Id.* at § 552(a)(6)(C).

## FACTS GIVING RISE TO PLAINTIFF'S CAUSE OF ACTION

10. On February 12, 2008, the HSUS submitted a request for public records to the USDA pursuant to the FOIA for information concerning the expenditures and activities of the AEB, a quasi-governmental commodity promotion program funded by a federal legislative checkoff program. Specifically, the Plaintiff's letter requested:

> (1) Any and all documents relating to the annual budgets and any expenses and disbursements of the [AEB] and its contractors and affiliates, including but not limited to documents pertaining to the requirements set forth in 7 U.S.C. § 2707(d), (f), and (g), and 7 U.S.C. § 7414(e)-(g), from the current and past two (2) fiscal years, and for the forthcoming fiscal year.
>
> (2) Any and all documents relating to any plans or projects of the [AEB] and its contractors and affiliates, including but not limited to documents pertaining to the requirements set forth in 7 U.S.C. § 2707(c) and 7 U.S.C. § 7414(e)(1), from the current and past two (2) fiscal years, and for the forthcoming fiscal year.
>
> (3) Any and all documents relating to any grants to, or other monetary receipts of the [AEB], whether from public or private sources, but not including funds received from the producer assessments set forth in 7 U.S.C. § 2707(e) and 7 U.S.C. § 7416, from the current and past two (2) fiscal years, and for the forthcoming fiscal year.

    (4) Any and all documents relating to the motion or resolution of the [AEB] to reserve three million dollars ($3 million) to use in opposition to California ballot initiative 07-0041, as described in the December 1, 2007 issue of Egg Industry magazine (available at http://www.wattpoultry.com/Egg Industry/Article.aspx?id=19962).

11. On February 13, 2008, a FOIA officer for the USDA's Agricultural Marketing Service sent the HSUS a letter acknowledging receipt of the records request assigning it the file number 42-08. This letter did not indicate whether the agency intended to comply with the request, or whether the agency would grant the HSUS's request for a fee waiver.

12. On March 25, 2008, thirty (30) days after the HSUS submitted its request for records, the USDA sent HSUS sixteen (16) pages of documents, several of which were duplicative, as a preliminary response. Defendant requested "clarification" of portions of the HSUS's initial request, claiming that "[p]aragraphs (1) and (2) do not reasonably describe the records being sought."

13. On April 9, 2008, the HSUS sent a reply letter to the USDA, following up on a prior telephone conversation, in which the HSUS indicated that the records requested included any documents or other information relating to the "annual budgets" and "plans and projects" required to be submitted by the AEB to the USDA for the agency's approval pursuant to the statutory provisions cited in HSUS's initial FOIA request.

14. The HSUS also asked the USDA to explain why it had only provided one brief email chain concerning a $3 million draw down on AEB reserve funds to be used in opposing the California ballot initiative, despite the fact that one of the documents

5

produced indicated that a USDA Poultry Programs officer "had a number of conversations and email exchanges" with AEB officials regarding expenditure of the $3 million." The USDA has to this point not identified or produced any of these additional emails, and only two (2) other emails about all of the AEB's budgets, expenditures, plans and projects the agency is required to approve before they are implemented.

15. Over a month later, on May 7, 2008, the USDA sent the HSUS another partial response to the FOIA request. The agency indicated that it had identified "a very large volume" of records responsive to HSUS's request for "plans or projects of the [AEB] and its contractors and affiliates" required to be submitted to and approved by the USDA pursuant to 7 U.S.C. § 2707(c) and 7 U.S.C. § 7414(e)(1). Though the USDA had granted the HSUS a fee waiver as to the prior documents produced, the agency decided to charge the HSUS $915.00 for production of records relating to the AEB's plans and projects because of the number of documents determined to be responsive. The agency also stated that it would not begin the duplication process until the HSUS paid $500.00 in advance. However, the agency further indicated that the fee would be reduced if the HSUS's request was limited to "more constrictive timeframes."

16. While the HSUS does not believe the USDA's decision to reverse its position on granting a fee waiver to the HSUS is permissible in light of the factors that on which fee waiver decisions are to be made as set forth in 5 U.S.C. § 552 (a)(4)(A), the HSUS opted to narrow the scope of its request and pay the fee in order to expedite receipt of responsive documents.

17. On June 30, 2008, the HSUS informed the USDA FOIA officer assigned to

6

this records request that the HSUS would limit its request for documents concerning the AEB's plans and projects to the current fiscal year, instead of records from "the current and past two (2) fiscal years," ostensibly reducing the volume of the request by approximately two-thirds. On July 2, 2008, the HSUS sent a letter to the USDA to confirm in writing its modified request for documents, and asked that the agency provide the new estimate of costs expediently.

18. To date, the HSUS has received no response from the USDA to its July 2, 2008 letter. The agency has reversed its position on granting the HSUS a fee waiver, established an extraordinarily high cost estimate for the documents requested, refused to begin duplication of the responsive documents until at least $500.00 is paid in advance, and now completely ignored the HSUS's modified request that limited the scope of the documents requested per the agency's suggestion.

19. Since sending the July 2, 2008 letter, the HSUS has contacted the FOIA officer assigned to the request by telephone on two separate occasions. On both occasions, the FOIA officer indicated that the modified request had been sent to the "program officer," but that she would consult with the program officer and contact the HSUS by telephone. The HSUS has not received any such communication from the FOIA officer or anyone else from the agency.

20. More than twenty (20) working days have past since the HSUS submitted its modified request and no substantive response has been received, nor has The HSUS received additional responsive documents. As such, the HSUS has exhausted the applicable administrative remedies with respect to its request for documents related to

the "plan or projects" of the AEB required to be reviewed and approved by the USDA.

## PLAINTIFF'S CLAIM FOR RELIEF

21.   Plaintiff has a statutory right of access to the records requested under the FOIA, 5 U.S.C. § 552(a)(3), and there is no lawful basis for Defendant's failure to produce the requested records.

**WHEREFORE**, Plaintiff requests that this honorable Court:

(1)   Declare that Defendant's refusal to respond to Plaintiff's FOIA request(s) and failure to disclose the records requested by Plaintiff are unlawful;

(2)   Order Defendant to make the requested records available to Plaintiff within ten (10) working days;

(3)   Award Plaintiff its costs and reasonable attorneys' fees in this action;

(4)   Declare that the circumstances surrounding Defendant's refusal to disclose records raise questions whether agency personnel have acted arbitrarily or capriciously with respect to Plaintiff's request for records, and refer the matter to the Merit System Protection Board for investigation pursuant to the Civil Service Reform Act of 1978, 5 U.S.C. § 1216(a)(3).

(5)   Grant such other and further relief as the Court may deem just and proper.

August 10, 2008

Respectfully Submitted,

_____
Jonathan R. Lovvorn (DC Bar No. 461163)
Ethan C. Eddy (DC Bar No. 496406)
The Humane Society of the United States
2100 L Street, NW, Washington, DC 20037
Phone: (202) 955-3669; Fax (202)-778-6132
*Attorneys for Plaintiff*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
The Humane Society of the United States

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Washington, DC
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, NW
Washington, DC 20037
(202) 955-3669

## DEFENDANTS
United States Department of Agriculture

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* *2255* | ○ H. *Employment Discrimination* | ⦿ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Freedom of Information Act, 5 U.S.C. 552(a)(4)(b); agency has improperly withheld public records

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 08/11/2008   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.